UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRY T. OUTLAW,                )
                                )
        Petitioner,              )
                                )   Case No. 3:12-CV-126 JD
    v.                           )
                                )
SUPERINTENDENT,                  )
                                )
        Respondent.              )

OPINION AND ORDER

Larry T. Outlaw, a *pro se* prisoner, filed a habeas corpus petition challenging his prison disciplinary proceeding which was held on November 15, 2011, at the Indiana State Prison. At that hearing (ISP 11-11-0071), the Disciplinary Hearing Body (DHB) found him guilty of threatening in violation B-213. Outlaw was demoted from credit class I to credit class II and deprived of 60 days earned credit time. Outlaw lists four separately numbered grounds in his habeas corpus petition.

First, Outlaw argues the DHB's decision to deny his request for physical evidence–specifically, video and audio recordings of the disciplinary hearing, as well as a copy of the prison's medical staff roster–violated his due process rights. However, DHB hearings are not formal and they are not transcribed. Records of their proceedings are very limited. Due process does not require that testimony be recorded the way it is in a criminal trial. It merely requires that the fact finder provide a written explanation of its findings. *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). As for the roster request, *Wolff* requires only that an inmate be permitted to submit relevant, exculpatory evidence. Outlaw has not demonstrated, and this court cannot discern, how a list of all prison medical employees would be relevant or exculpatory. Therefore, the DHB's denial of Outlaw's requests did not violate his due process rights.

Second, Outlaw argues that the Disciplinary Hearing Officer should have allowed his written questions to be presented to his three staff witnesses at the hearing. At screening he requested three witnesses and asserted that each would testify that he did not make threatening comments. ECF 5-1 at 1. Later, on November 15, 2011, he submitted a list of five questions for each witness. None of these questions ask whether the witness observed him making the alleged threat. Rather, they ask irrelevant questions such as the date the employee was hired, medical and policy questions, and for a list of the medical staff. ECF 5-1 at 5, 7, and 10. Though it is unclear whether any of the witnesses received Outlaw's questions, the record contains a statement submitted by each of them to the DHB. Two of the statements explain that the witnesses were not working on the day in question (ECF 5-1 at 6 and 11) and the third stated that she "did not witness this alleged incident and have no knowledge of the matter." ECF 5-1 at 9. As such, Outlaw was not denied due process. None of these witnesses were present to observe the conversation giving rise to the charge against Outlaw and he has not explained how obtaining answers to his other questions could have led to relevant, exculpatory evidence.

Third, Outlaw argues he was "denied a continuance and a fair chance to gather evidence." ECF 5 at 5. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that an inmate be given 24 hour advance written notice of the factual basis of the charges against him, it does not require that he be granted a continuance. "*Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the court of appeals not to add to the procedures required by *Wolf*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners." *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Though it is true that Outlaw is entitled to a fair chance to collect and present evidence in his defense, the record demonstrates he was afforded that opportunity. He requested and

obtained written statements from several prison employees who he believed witnessed the incident. ECF 5-1 at 4-11. Therefore, since Outlaw was afforded proper written notice and a fair opportunity to collect and present evidence, his third argument for habeas corpus relief cannot succeed.

Lastly, Outlaw argues that the DHB was not impartial because a member of the board had been involved in one of his prior disciplinary proceedings. Prisoners are entitled to an impartial decision maker, however, "adjudicators are entitled to a presumption of honesty and integrity and thus the constitutional standard for impermissible bias is high. CAB members are not deemed biased simply because they presided over a prisoner's previous disciplinary proceedings." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). To guard against arbitrary decision making, the impartiality requirement mandates disqualification of a decision maker who is directly or substantially involved in the incident underlying a prison disciplinary hearing, but it does not require disqualification of a decision maker who is only "tangentially involved.*" Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000). Here, Outlaw does not allege that the hearing officer was involved in the investigation of the present disciplinary action against him, therefore, Outlaw's fourth and final ground for habeas corpus relief cannot succeed.

For the foregoing reasons, the habeas corpus petition is **DENIED** pursuant to SECTION 2254 HABEAS CORPUS RULE 4.

SO ORDERED.

ENTERED:   June 27, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court